[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS AND MOTION TO REFER TO REFEREE
The court heard argument on two motions. The first was the defendant's Motion to Dismiss (not printed on the calendar), the second being a Motion to Refer to Referee (this was printed on the calendar).
According to our Practice Book 143 headed "Motion to Dismiss — Grounds" reads as follows:
 The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. This motion shall always be filed with supporting memorandum of law and where appropriate, with support affidavits as to facts not apparent on the record.
 If an adverse party objects to this motion he shall at least five days before the motion is to be considered on the short calendar, file and serve in accordance with 120 a memorandum of law and, where appropriate supporting affidavits as to facts not apparent on the record.
The defendant's Motion to Dismiss does not come under any of the enumerated grounds in 143. However, the defendant claims because of certain events he alleges to have occurred there was tampering with the judicial process and the perpetration of fraud upon the court. The defendant also claims that the sequence of events that occurred violated his constitutional right to a fair hearing and due process.
According to the defendant he and his wife were in the process of having their marriage dissolved. The defendant operates his business from home and the wife's attempts to have him "thrown out of the house" were unsuccessful.
The plaintiff wife applied to the court for a restraining order claiming that she had been physically abused by the defendant CT Page 6146 who pushed her up against a wall several times and that she was in fear of bodily harm from him. Said restraining order was signed by Judge Jones and as a result of said restraining order the defendant's rights of visitation were affected and he was in effect removed from the home. The defendant argues that the claims made by his wife were false and that in fact it was he and not his wife that was abused. The defendant further postulates that his wife's attorney, having been unsuccessful on her family court motions (pendente lite motions), cooked up this back door method of getting the defendant out of the home by getting a restraining order. The defendant claims the orders decreed under Conn. Gen. Stat. 46B-15 are criminal in nature. That he was hastily summoned to a hearing. That he did not have sufficient time to call witnesses on his behalf and that the hearing was a sham because the defendant claims the hearing was held after Judge Jones had in fact signed the restraining order.
The defendant further argues that in the case of restraining order issued against him his wife's attorney had an ex parte conversation with Judge Jones and failed to inform Judge Jones prior to his signing the restraining order that there was an ongoing dissolution matter pending in this court. Further that when Judge Jones found out about the pending dissolution action the defendant claims that Judge Jones decided to hold a hearing quickly on the restraining order. The defendant argues that this hearing was criminal in nature and that he and his attorney were not given sufficient time to produce witnesses — such as the police officers who responded — to the call to testify on the claim of spousal abuse. These police officers according to the defendant would have testified that he and not his wife was the injured party.
In order to substantiate his claims the defendant at one time during the argument on his motion indicated that he wanted the court to subpoena Judge Jones so he could be cross examined by the defendant on the ex parte allegations. The defendant also stated he wanted to call his wife's attorney as a witness and cross examine her on the same issue. The court indicated that it would not require the wife's attorney to testify unless she was willing to do so. She chose not to do so.
The issue before the court is the defendant's Motion to Dismiss. The court finds that the defendant has not shown any grounds for dismissal as set forth in Practice Book 143 and as a result denies the Motion to Dismiss.
The Motion to Refer to a Referee is granted.
William J. McGrath, Judge CT Page 6147